UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION


FILED
FEB 06 2007
CLERK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| BROIN AND ASSOCIATES, INC., | CIV 05-4001 |
| Plaintiff, | |
| vs. | MEMORANDUM OPINION AND ORDER |
| ADVANCED ENVIRONMENTAL SYSTEMS, INC., | |
| Defendant. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Pending before the Court is Plaintiff's Motion for Default Judgment, Doc. 10. For the reasons set forth below, a judgment by default will be entered in this action.

### BACKGROUND

Plaintiff filed this action on January 1, 2005. A waiver of service was executed by the Defendant's attorney, M. Duncan Grant, on January 24, 2005. Plaintiff is in the business of designing and constructing ethanol plants. Defendant is in the business of designing and selling thermal oxidizers for use in specific applications, such as ethanol plants. In its complaint, Plaintiff seeks damages for breach of warranty, and breach of contract as well as revocation of acceptance relating to two thermal oxidizers that Defendant sold and delivered to Plaintiff, which Plaintiff maintains are defective, and for two additional thermal oxidizers that Plaintiff refused acceptance of due to the defects in the first two delivered by Defendant.

Plaintiff filed a Motion for Default Judgment on December 9, 2005, supported by two affidavits. Certificates of Service were included with the motion and the affidavits, certifying that copies of those documents were sent by e-mail transmission to Defendant's attorney, M. Duncan Grant of Wilmington, Delaware. The Clerk of Court construed Plaintiff's motion as a Motion for

Entry of Default pursuant to Federal Rule of Civil Procedure 55(a). On December 15, 2005, the Clerk of Court filed an Entry of Default in favor of Plaintiff and against the Defendant. Plaintiff filed an Affidavit of Dan Loveland, Doc. 7, stating Plaintiff has been damaged by Defendant's breach of warranty and breach of contract, not including consequential damages or prejudgment interest, in the amount of $4,699,248. No response was filed by Defendant to the Entry of Default.

On July 10, 2006, Plaintiff filed a Motion for Default Judgment, Doc. 10. Plaintiff included a Certificate of Service stating on July 10, 2006, a copy of the motion was sent via United States first class mail, postage prepaid, to Defendant's attorney, M. Duncan Grant in Wilmington, Delaware. Defendant has not responded to the motion.

## DISCUSSION

Under Rule 55, "[w]hen a party 'has failed to plead or otherwise defend' against a pleading listed in Rule 7(a), entry of default under Rule 55(a) must precede grant of a default judgment under Rule 55(b)." *See Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998). "Entry of a default under Federal Rule of Civil Procedure 55(a) is not, as such, entry of a judgment; it merely permits the plaintiff to move for a default judgment under Rule 55(b)(2), assuming that the default is not set aside under Rule 55(c)." *Inman v. American Home Furniture Placement, Inc.*, 120 F.3d 117, 118 n. 2 (8th Cir. 1997). Thus, Rule 55 requires two steps before entry of a default judgment: "first, pursuant to Fed.R.Civ.P. 55(a), the party seeking a default judgment must have the clerk enter the default by submitting the required proof that the opposing party has failed to plead or otherwise defend; second, pursuant to Fed.R.Civ.P. 55(b), the moving party may seek entry of judgment on the default under either subdivision (b)(1) or (b)(2) of the rule." *Dahl v. Kanawha Inv. Holding Co.*, 161 F.R.D. 673, 683 (N.D.Iowa 1995). In this case, the Clerk of Court has entered the default of the Defendant pursuant to Rule 55(a), completing the first step in the process toward default judgment. The Court must now decide whether default judgment should be entered against the Defendant pursuant to Rule 55(b)(2).

In the Eighth Circuit, the entry of default judgment is appropriate when a party's conduct includes " 'willful violations of court rules, contumacious conduct, or intentional delays.' " *Ackra*

*Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 855 (8th Cir. 1996) (quoting *United States v. Harre*, 983 F.2d 128, 130 (8th Cir.1993)); *see Taylor v. City of Ballwin*, 859 F.2d 1330, 1332 (8th Cir.1988) (quoting *E.F. Hutton & Co. v. Moffatt*, 460 F.2d 284, 285 (5th Cir.1972)); *Inman*, 120 F.3d at 119. Default judgments are not favored by the law, and default judgment is not an appropriate sanction for a "marginal failure to comply with time requirements." *Harre*, 983 F.2d at 130.

Based on the record in this case, Defendant's attorney admitted service of this action and was notified of the default entered by the Clerk of Court by Plaintiff's counsel in the Motion for Default Judgment and received a copy of the pending motion. Defendant's failure to answer the complaint or otherwise defend this action, after receiving notice as described above, amounts to willful violation or ignoring of court rules including the Federal Rules of Civil Procedure. Having reviewed the Affidavit of Dan Loveland, the Court finds Plaintiff's damages to be $4,699,248 and a judgment by default will be entered against Defendant for that amount. Accordingly,

IT IS ORDERED:

1. That Plaintiff's Motion for Default Judgment, Doc. 10, is granted.

2. That, pursuant to Fed.R.Civ.P. 55(b)(2), a Judgment by default will be entered in favor of Plaintiff Broin and Associates, Inc. against Defendant Advanced Environmental Systems, Inc. in the amount of $4,699,248.00.

Dated this 6th day of February, 2007.

BY THE COURT:

/s/ Lawrence L. Piersol
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: /s/ Shelly Margulies
DEPUTY